FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ JUL 31 2019 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
PABLO A. PELLOT,

        Plaintiff,

-against-

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

------------------------------------------------------------X

**MEMORANDUM DECISION AND ORDER**
18-cv-03337 (AMD)

**ANN M. DONNELLY**, United States District Judge:

    The plaintiff seeks review of the decision of the Commissioner of Social Security that he was not disabled for purposes of receiving supplemental security income under Title XVI of the Social Security Act. For the reasons set forth below, I remand the case for further proceedings.

    On March 31, 2014, the plaintiff filed an application for supplemental security income, alleging disability due to a blood condition, high blood pressure, sleep apnea, and back problems (Tr. 360), with an onset date of January 1, 2011 (Tr. 217, 361). The plaintiff's application was denied initially on June 17, 2014 (Tr. 224-226), after which the plaintiff requested an administrative hearing (Tr. 236-238). Administrative Law Judge ("ALJ") Michelle I. Allen held a hearing on October 27, 2016, and in a decision dated March 15, 2017, found that the plaintiff was not disabled because he still retained the residual functional capacity ("RFC") to perform sedentary work as defined in 20 C.F.R. Section 416.967(a), subject to certain limitations. (Tr. 10-18.) The Appeals Council denied the plaintiff's request for review on April 5, 2018, after which the ALJ's decision became the final decision of the Commissioner of Social Security. (Tr. 1-4.) The plaintiff commenced this action and moved for judgment on the pleadings. (ECF Nos.

1, 16-17.) The defendant made a cross-motion for judgment on the pleadings. (ECF Nos. 19-20.)

## DISCUSSION

A district court reviewing a final decision of the Commissioner must determine "whether the correct legal standards were applied and whether substantial evidence supports the decision." *Butts v. Barnhart*, 388 F.3d 377, 384 (2d Cir. 2004) *as amended on reh'g in part*, 416 F.3d 101 (2d Cir. 2005). The court must uphold the Commissioner's factual findings if there is substantial evidence in the record to support them. 42 U.S.C. § 405(g). "Substantial evidence" is "more than a mere scintilla" and "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal citation omitted). "Although factual findings by the Commissioner are 'binding' when 'supported by substantial evidence,' '[w]here an error of law has been made that might have affected the disposition of the case," the court will not defer to the ALJ's determination. *Pollard v. Halter*, 377 F.3d 183, 188–89 (2d Cir. 2004) (quoting *Townley v. Heckler*, 748 F.2d 109, 112 (2d Cir. 1984) (internal citations omitted)). Thus, "[e]ven if the Commissioner's decision is supported by substantial evidence, legal error alone can be enough to overturn the ALJ's decision." *Ellington v. Astrue*, 641 F. Supp. 2d 322, 328 (S.D.N.Y. 2009) (citing *Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987)).

The plaintiff challenges the ALJ's RFC determination, alleging that she did not consider certain of the plaintiff's impairments: lumbago, sleep apnea, obesity, and the side effects of opioid medication. (EFC No. 17 at 16.) "It is the responsibility of the ALJ to assess [the] plaintiff's residual functional capacity, based on all the relevant evidence in the case record." *Colegrove v. Comm'r of Soc. Sec.*, 399 F. Supp. 2d 185, 192 (W.D.N.Y. 2005) (citing 20 C.F.R.

§ 416.945(a)(1)); *see also* Tr. 11 ("In making this finding, the undersigned must consider all of the claimant's impairments, including impairments that are not severe."). Moreover, the ALJ "must discuss the relevant evidence and factors crucial to the overall determination with sufficient specificity to enable reviewing courts to decide whether its determination is supported by substantial evidence." *Estrada ex rel. E.E. v. Astrue*, No. 08-CV-3427, 2010 WL 3924686, at *3 (E.D.N.Y. Sept. 29, 2010) (quoting *Ramos v. Barnhart*, No. 02-CV-3127, 2003 WL 21032012, at *7 (S.D.N.Y. May 6, 2003)). This is particularly true for an RFC assessment for which the ALJ is required to include "a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)." SSR 96-8P, 1996 WL 374184, at *7. In circumstances where an ALJ does not discuss the relevant evidence and factors with sufficient specificity, the court must remand the case. *See e.g.*, *Pratts v. Chater*, 94 F.3d 34, 39 (2d Cir. 1996) ("Remand is particularly appropriate where, as here, we are unable to fathom the ALJ's rationale in relation to the evidence in the record without further findings or clearer explanation for the decision.") (internal quotation marks and citation omitted).

ALJ Allen found that the plaintiff had the ability to perform less than a full range of sedentary work, but did not explain how she reached that conclusion in light of the plaintiff's impairments. It is unclear from the record whether, or to what extent, ALJ Allen considered the limiting effects of the plaintiff's lumbago and sleep apnea—two impairments that the plaintiff described as debilitating (Tr. 173, 179, 184-5), and which ALJ Allen found were "severe" at step two of her analysis (Tr. 12). In addition, the report from agency examiner Dr. Graber, whom ALJ Allen credits in part, revealed that the plaintiff has scoliosis, an unsteady gait, difficulty squatting, and that he could not walk on his heels and toes. (Tr. 423-24.) Although ALJ Allen

referred to the plaintiff's lumbago and sleep apnea in summarizing his medical history (*see e.g.*, Tr. 13), she did not explain the extent to which these severe impairments informed her conclusion that the plaintiff could still "lift/carry and push/pull ten pounds occasionally," "sit for six hours in an eight-hour day and stand for two hours and walk for two-hours," and "occasionally climb[] ramps and stairs, and stoop[] and crouch[]." (Tr. 13.) Remand is necessary so that the ALJ can explain how she arrived at the RFC in light of all the plaintiff's impairments, including lumbago and sleep apnea.[1]

Remand is also necessary because the ALJ did not specify the weight she assigned to the conclusions of Dr. Zaric, the plaintiff's treating physician for chronic venous insufficiency. The "treating physician" rule requires that the ALJ give "a treating source's opinion on the issue(s) of the nature and severity" of a claimant's impairment "controlling weight" if the opinion is "well supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the claimant's] case record."[2] *Green-Younger v. Barnhart*, 335 F.3d 99, 106 (2d Cir. 2003) (citing 20 C.F.R. § 404.1527(d)(2) and *Shaw v. Chater*, 221 F.3d 126, 134 (2d Cir. 2000)). When the ALJ does not give a treating physician's opinion controlling weight, she must "comprehensively set forth [her] reasons for the weight assigned to a treating physician's opinion." *Burgess v. Astrue*, 537 F.3d 117, 129 (2d Cir. 2008) (internal citations omitted). The failure to give "good reasons" for the weight assigned to a treating physician's opinion constitutes a ground for remand. *See* 20 C.F.R. § 404.1527(c)(2); *Halloran v. Barnhart*, 362 F.3d 28, 33 (2d Cir. 2004) ("We do not hesitate to remand when the

---

[1] The plaintiff also claims that ALJ Allen should have considered that he uses a cane, the effects of his obesity, and side effects of his opioid medication. (ECF No. 17 at 17, 23-4.) On remand, the plaintiff should provide evidence of these subjects so that the ALJ may consider them.

[2] The treating physician rule applies because the plaintiff filed his claim before March 27, 2017. 20 C.F.R. § 404.1527.

Commissioner has not provided 'good reasons' for the weight given to a treating physicians opinion[.]"); *Fontanez v. Colvin*, No. 16-CV-01300, 2017 WL 4334127, at *18 (E.D.N.Y. Sept. 28, 2017) (the ALJ's "failure to provide 'good reasons' for not crediting a treating source's opinion is ground for remand") (internal citations omitted).

Dr. Zaric, an interventional cardiology specialist, treated the plaintiff's venous insufficiency from April of 2012 to December of 2014 (Tr. 461-513), performed five sclerotherapy procedures, and prescribed the plaintiff "[c]onservative measures" to manage his venous insufficiency, including "leg elevation at rest" and a "walking program" (*see e.g.*, Tr. 462). According to the plaintiff, Dr. Zaric told him to keep his legs elevated above waist level for most of the day and to apply dry ice approximately three times a day for 20 minutes. (Tr. 183.) ALJ Allen did not incorporate Dr. Zaric's prescribed treatment in her RFC finding or specify the weight Dr. Zaric's opinion merited. Remand is necessary so that she can make that clarification.

I am not persuaded by the defendant's argument that this omission is harmless. (ECF No. 20 at 16-17.) While the vocational expert testified that the plaintiff could elevate his legs under his desk, he also hypothesized that the specific condition alleged by the plaintiff—elevating his legs above waist level—would not be a standard accommodation, and would affect "the ability to do the individual's job." (Tr. 192, 194.) To the extent that the record is unclear—particularly as to the meaning of Dr. Zaric's instruction for "leg elevation at rest"—the Commissioner "ha[d] an affirmative duty to 'fill any clear gaps in the administrative record' before rejecting a treating physician's diagnosis.'" *Craig v. Comm'r of Soc. Sec.*, 218 F. Supp. 3d 249, 262 (S.D.N.Y. 2016) (internal citations omitted). On remand, the ALJ should expand the record with additional evidence about the precise nature of Dr. Zaric's treatment recommendation.

## CONCLUSION

The defendant's motion for judgment on the pleadings is denied, and the case is remanded for further proceedings consistent with this opinion.

**SO ORDERED.**

                                                  s/Ann M. Donnelly
                                          _____
                                          Ann M. Donnelly
                                          United States District Judge

Dated: Brooklyn, New York
       July 31, 2019